FRANCISCO FONT MANZANO, RECEIVER OF THE BANCO INDUSTRIAL DE PUERTO RICO, ET AL., Plaintiffs and Apellees, *v.* SUAU, FIOL & CÍA., ET AL., Defendants and Appellants.

No. 7242. Argued July 20, 1936.—Decided July 30, 1936.

*Juan B. Soto* for appellants. *B. Fernández García* and *R. Cordovés Arana,* for the Treasurer. *Carlos Santana Becerra* for the Receiver.

Mr. Justice Travieso delivered the opinion of the Court.

The plaintiffs have filed a motion asking that the instant appeal be dismissed as frivolous. Let us first examine the facts.

On February 23, 1929, the mercantile partnership "Suau, Fiol y Compañía", represented by its managing partner and Messrs. Pedro Antonio Suau Ballester and Matías Suau Ballester, caused the following to appear by public deed:

1.—That the aforesaid partnership is the owner of an urban property, comprising a lot and a two-story building with machinery for grinding coffee, electric plant, etc., all valued at $40,000.

2.—That the other two appearing parties are the owners, the former of three rural properties of 12, 8½ and 8 *cuerdas,* respectively; and the latter of two rural properties, one of 53.83 and the other of 9 *cuerdas* of land.

3.—That the aforesaid partnership *has made a loan* with the Banco Industrial de Puerto Rico for $30,000, for which amount two promissory notes have been subscribed by Suau, Fiol y Cía. and by the two Messrs. Suau Ballester, payable to the creditor bank. In the first promissory note, the makers *promise to pay jointly and severally* to the bank or to its order, $25,000, *value received on a loan to our entire satisfaction, and guarantee the fulfillment of the obligation expressly mortgaging an urban property* belonging to the partnership Fiol, Suau y Cía. At the foot of the aforesaid promissory note, the notary states that the foregoing obligation is guaranteed *by mortgage upon an urban property located in Lares.*

4.—The second promissory note is of the same tenor as the first and is signed by the same parties, *who promised to pay jointly and severally* to the bank $5,000, value received on a loan to our entire satisfaction. The fulfillment of the obligation is guaranteed *by an express mortgage of the five rural properties belonging to Pedro Antonio and Matías Suau Ballester,* as appears from a note of the notary at the foot of the document.

5.—Paragraphs 5 and 7 of the mortgage deed read as follows: Fifth.—That in guarantee of the sum of $25,000, amount of mortgage note number one, here transcribed, interest thereon at the rate set forth in such note, plus an additional credit

of $1,000 for costs, disbursements and attorney's fees in case of legal action, *the partnership Suau, Fiol y Cía.* by its managing partner, the appearing party Bernardo Fiol Isern, *constitutes a voluntary first mortgage* in favor of the holders of the above-transcribed promissory note number one, upon the urban property described in paragraph one of this deed." (Italics ours.)

"Seventh.—That to guarantee the sum of $5,000, amount of promissory note number two here described, interest thereon at the rate agreed upon in such note, plus an additional credit of $200 for costs, disbursements and attorney's fees in case of legal action, *Pedro Antonio Suau Bállester and Matías Suau Ballester constitute a voluntary mortgage* in favor of the holders of the promissory note number two here transcribed, *upon the properties* described in paragraphs second and third of this deed."

The Banco Industrial de Puerto Rico assigned both promissory notes to the Treasurer of Puerto Rico as collateral, such officer being the present holder of such obligations. Both promissory notes having matured, the receiver of the bank and the Treasurer filed a complaint against the three signers of the notes. In the complaint two separate and distinct causes of action are set up.

In the first cause of action it is sought to foreclose by ordinary action the mortgage constituted by Fiol, Suau y Cía., upon the urban property located in Lares, guaranteeing the payment of the promissory note for $25,000; and judgment is prayed for the amount of the promissory note, plus the sum of $8,679.45 as interest, plus costs, and it is further prayed that in case of failure to pay such sums the sale of the urban property guaranteeing the credit be ordered at public auction.

The second cause of action is a personal action against Pedro Antonio Suau Ballester and Matías Suau Ballester as signers of the promissory note for $5,000, for the collection of such obligation; and judgment is prayed for in the sum of $5,000, interest, etc.

A demurrer for failure to state a cause of action was overruled and the defendants answered the complaint, alleging:

1.—That the $25,000 represented by promissory note number one is part of a loan of $30,000 made by the bank to Suau, Fiol y Cía., to guarantee which the defendants constituted a mortgage upon the urban property in Lares and upon the five rural properties and signed moreover two promissory notes, one for $25,000 and another for $5,000.
2.—That neither in the deed constituting the mortgage nor elsewhere, was the responsibility of such properties divided, *it being agreed upon the contrary in the deed that each and every one of the properties should answer for the whole of the credit,* that is, for the $30,000.
3.—That the $5,000 represented by promissory note number two is part of a credit for $30,000 to guarantee which the defendants constituted a mortgage upon the urban property and upon the five rural properties and subscribed the two promissory notes.
4.—That the record of the mortgage is void for failure to state in any form the amount for which each one of the mortgage properties responds.

The district court entered judgment as prayed for. The defendants appealed.

The appellees have filed a motion in which they ask that the appeal be dismissed upon the ground that from the record of the case it appears that the appeal is frivolous and has been taken for the sole purpose of delaying execution of the judgment.

■■ It is not immediately apparent that the appeal is frivolous, but it is easily so discovered from a critical study of the record and of the appellants' brief. We have made such a study and it has convinced us that the appeal is without merit and is clearly frivolous.

Appellants' theory is that there was only one mortgage loan for $30,000; that that loan was guaranteed by a mortgage upon six properties, one urban and five rural, and that the mortgage is void, because not only was the responsibility not distributed among the six mortgaged properties, as the

law requires, but the parties expressly agreed that each and every one of the six mortgaged properties would respond for the whole amount of the loan, in violation of the provisions of Sections 119 of the Mortgage Law, 164 of the Regulations and 1774 of the Civil Code (edition of 1930). To sustain that theory appellant tells us in his brief (pages 8 and 9) that:

" . . . From an examination of such deed it appears:

" .      .      .      .      .      .      .      .      .

"That as is set forth in the paragraph mistakenly marked 'Thirtieth' (it should have been thirteenth) of the deed (see page 61 of the transcript of the evidence, commencing on the 4th line from the bottom) it was stipulated in such deed that 'the responsibility of the lien here constituted will not be divided between the mortgaged properties, but each and every one of them shall respond for the whole sum, including costs and any other obligation' in accordance with the terms and provisions of such deed."

We copy below paragraph thirteenth of the deed, mistakenly marked "Thirtieth," as the same appears in the transcript of the evidence, pages 61 and 62.

"Thirtieth.—It is stipulated that the responsibility of the lien here constituted will not be divided between the properties *of don Pedro don Matías Suau Ballester here* mortgaged, but that each and every one of them will respond for the whole sum including interest, costs and any other obligations in accordance with the terms and provisions set forth in this deed." (Italics ours.)

From a comparison of the two paragraphs which we have just quoted, it is easy to discover the error upon which the entire argument of the appellant is based. This error consists in the suppression, by mistake or clerical error, in copying paragraph thirteenth of the deed, of the words *"of don Pedro, don Matías Suau Ballester here."* This suppression gave a broader scope to the agreement contained in that paragraph, making it extensive to the urban property in Lares, which was not nor could have been mortgaged by Messrs. Suau Ballester, since they were not owners of that

474

property but of the five rural properties mortgaged to guarantee the promissory note for $5,000.

Once the error is explained and paragraph thirteenth reconstructed, the facts of the case may be summarized as follows:

Suau, Fiol & Cía. made a loan for $30,000. That partnership and Messrs. Suau Ballester undertook jointly and severally to pay the whole amount of two promissory notes, one for $25,000 and another for $5,000. To secure the former, the aforesaid partnership constituted a mortgage *upon a single urban property* belonging entirely to it; Messrs. Suau Ballester limited themselves to signing the promissory note as joint and several comakers. To secure the second, Messrs. Suau Ballester constituted a mortgage upon five parcels of land, it being agreed as a part of such mortgage that the responsibility of the lien would not be divided between such five parcels but that each and every one would respond for the payment of the $5,000 note. As to this second promissory note Suau, Fiol y Cía. was bound only as a joint and several co-maker.

It is evident that the urban property was not in any way encumbered to guarantee promissory note number two; and that the five rural properties were not in any way encumbered to guarantee the payment of the $25,000 obligation represented by note number one. The two mortgages are distinct and separate, guaranteeing distinct obligations and encumbering distinct properties belonging to different owners.

The mortgage constituted by Messrs. Suau Ballester to guarantee the $5,000 note is undoubtedly subject to the defect which the appellants sought to extend to the mortgage guaranteeing the other promissory note. This is perhaps the reason for which the plaintiffs waived the mortgage security for the $5,000 note and brought a personal action to collect it.

The question raised and so ably presented in the appellant's brief is without merit and from any aspect frivolous.

The appeal must be dismissed as frivolous.

Mr. Justice Córdova Dávila took no part in the decision of this case.